IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02224-MSK-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC

Plaintiff,

v.

STEADFAST INSURANCE COMPANY and
CHASE CONSTRUCTORS, INC.

Defendants,

AND

CHASE CONTRACTORS, INC.

Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.

Third-Party Defendant.

## AGREED PROTECTIVE ORDER

The parties, through their respective counsel, having stipulated and agreed to the entry of this protective order pursuant to C.R.C.P. 26(c), for good cause shown, and the Court being advised of the premises, IT IS HEREBY ORDERED THAT:

1. This Order shall govern the handling of documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

2. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" any documents, testimony or other discovery material that contains confidential or protected or proprietary information or confidential or protected financial information. The subsequent designation must be made within fifteen (15) days of the date the material was produced. "Confidential" material, as used in this Order, shall refer to any so designated documents, testimony, or other discovery material and all copies thereof, and shall also refer to the information contained in such material and the title of the documents designated as "Confidential". Information designated "Confidential" remains "Confidential" even if included in a new document or compilation. No designation shall be made unless the designating party or non-party believes in good faith that the designated material is entitled to such protection.

2. Material designated "Confidential" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

    a. the Court and its officers;

    b. counsel, whether retained counsel or in-house counsel;

    c. employees of counsel;

    d. the parties, provided that said parties agree to retain the confidential nature of the material;

    e. third parties engaged by counsel or the parties to assist in this litigation, provided that any such party has signed an undertaking in the form of Exhibit A attached hereto.

3. In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. All such documents or other material shall be considered marked "Confidential." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate designation at the time of production of the copies.

4. Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error. The subsequent designation must be made within fifteen (15) days of the date the material was produced. If material is designated as "Confidential" subsequent to production, the receiving party shall promptly make a good faith effort to collect any copies that have been provided to individuals other than those identified in paragraph 3 of this Order.

5. Nothing herein shall prohibit any party from seeking an Order that designated material is not entitled to "Confidential" treatment or that otherwise affects the treatment of discovery material.

6. Other than as provided in paragraph 5 above, no designation of "Confidential" shall be effective unless there is placed or affixed on such material a "CONFIDENTIAL" marking. Testimony given at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or within fifteen (15) days after counsel receives the transcript of such deposition or hearing. Testimony and transcripts in this case shall be deemed "Confidential" during this fifteen (15) day review period.

7. All discovery material designated "Confidential" shall be used solely for the prosecution and defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, an order of an administrative tribunal, subpoena, or search warrant. The parties will notify each other of receipt of such orders subpoenas, or warrants within ten business days of receipt of same.

8. A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the date the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Any such motion shall be filed within fifteen (15) business days after the date the initial notice of objection is received. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential".

9. At the final conclusion of this case (including exhaustion of appeals) all "Confidential" material produced pursuant to discovery, or through required disclosures and all

copies thereof, shall be returned to the producing party, or, at the option of the producing party, opposing counsel shall certify in writing that such "Confidential" material has been returned or destroyed and that no copies have been retained. Following the termination of this action, any party in the possession of "Confidential" material shall continue to protect that material as "Confidential." In connection therewith, at the final conclusion of the case, the Court shall order all, as part of the dismissal entered by the Court, that all "Confidential" material produced to parties or non-parties be returned to the producing party or destroyed.

10. **Court Filings:** No "Confidential" material shall be filed in the public record of this action. In the event any party wishes to rely upon "Confidential" material in filing a pleading, the party must move the court for permission to file under seal both the "Confidential" material and any pleading referencing the contents of such "Confidential" material and follow all orders and requirements established by the Federal Rules of Civil Procedure, Local Rules of this Court, and Judge's procedures for the filing of documents under seal.

10. This protective Order shall remain in force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

Dated this 11th day of MAY, 2010.

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

5

APPROVED BY COUNSEL:

s/ Jane E. Young
_____
Jane E. Young
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1700 Broadway, Suite 1900
Denver, Colorado 80290
Phone: (303) 293-8800
Fax: (303) 839-0036
E-mail: jyoung@mdmlawco.com


s/ Peter S. Dusbabek
_____
Peter S. Dusbabek, Esq.
Joseph T. VanLandingham, Esq.
Montgomery, Kolodny, Amatuzio & Dusbabek, LLP
2625 Redwing Road, Suite 200
Ft. Collins, CO 80526
*Attorney for Plaintiffs*


s/ Joshua Proctor
_____
Joshua Proctor
Levy Morse & Wheeler
Plaza Tower 1, Suite 900
6400 S. Fiddler's Green
Englewood, Colorado 80111

Matthew B. Dillman
Burns, Figa & Will, P.C.
Plaza Tower 1, Suite 1000
6400 S. Fiddler's Green
Englewood, Colorado 80111
*Attorneys for Defendant Chase Contractors, Inc.*

s/ Daniel R. Frost

---

Daniel R. Frost
Holland & Hart, LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201
Attorneys for Willbros Engineers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02224-MSK-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC

Plaintiff,

v.

STEADFAST INSURANCE COMPANY and
CHASE CONSTRUCTORS, INC.

Defendants,

AND

CHASE CONTRACTORS, INC.

Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.

Third-Party Defendant.

## UNDERTAKING CONCERNING CONFIDENTIAL INFORMATION

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____, 20__ and entered in the above-captioned action, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

8

_____  _____
Date                    Signature

                        _____
                        Name (Printed)