IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02224-MSK-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC,

Plaintiff,

v.

STEADFAST INSURANCE COMPANY and
CHASE CONTRACTORS, INC.,

Defendants,

AND

CHASE CONTRACTORS, INC.,

Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.,

Third-Party Defendant.

---

# ORDER REGARDING
# PLAINTIFF'S MOTION TO COMPEL STEADFAST INSURANCE COMPANY [DEFENDANT] TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(A) (DOCKET NO. 59)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Steadfast Insurance Company [Defendant] to Produce Documents Pursuant to Fed. R. Civ. P. 37(A) (docket no. 59). The court has reviewed the subject motion (docket no. 59), the response (docket no. 67), the reply (docket no. 71), and the sur-reply (docket no. 76).

Furthermore, the court has reviewed, *in camera*, Defendant's documents identified in Defendant's Revised Privilege Log as documents bates labeled: STD 00001-5 and STD 00026. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 59), Plaintiff Sterling Construction Management, Inc. ("Plaintiff"), seeks an order from this court ordering Defendant Steadfast Insurance Company ("Defendant") to produce its entire unredacted claims file, excepting reports from Thor Inouye, in particular, Defendant's documents identified in Defendant's Revised Privilege Log as documents bates labeled: STD 00001-5 and STD 00026. Defendant is **not** seeking production of the report from Thor Inouye dated July 17, 2009 (bates labeled STD 00031-38).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;
4. That Fed. R. Civ. P. 37(a) allows a party to seek an order to compel disclosure or discovery when a party fails to respond that inspection will be permitted or fails to permit inspection as requested under

Fed. R. Civ. P. 34. Further, that Fed. R. Civ. P. 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response shall be deemed a failure to disclose, answer, or respond;

5. That this case involves a horizontal drilling occurrence which breached the North Sterling Irrigation Canal and resulted in significant damages to Plaintiff and third parties. Plaintiff, a contractor on the project, was insured by Defendant. Plaintiff reported the occurrence to Defendant and sought coverage under its policy with Defendant;

6. That Defendant acknowledged the claim filed by Plaintiff but refused to indemnify Plaintiff. Accordingly, Plaintiff filed this lawsuit alleging the following claims: (1) breach of insurance contract and (2) bad faith breach of insurance contract;

7. That the key issue presented by the Plaintiff's bad faith claim against Defendant is whether Defendant acted in good-faith during all aspects of the claims handling process;

8. That in Stillwell v. Executive Fund Life Ins. Co., 1989 U.S. Dist. LEXIS 17331 (D. Colo. 1989), former Chief Judge Arraj recognized that "[b]ad-faith actions against an insurer, like actions by client against attorney, patient against doctor, can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did." Id. at *11 (citing Brown v. Superior Court, 670 P.2d 725, 734

(Ariz. 1983)). In addition, the "claims file [provides] a unique, contemporaneously prepared history of the company's handling of the claim. . . ." *Id.*;

9. That Defendant's documents identified in Defendant's Revised Privilege Log as documents bates labeled: STD 00001-5 and STD 00026 are relevant to Plaintiff's claims as plead in the complaint. That although the general rule is that reserve information may not relevant pursuant to Silva v. Basin Western, Inc., 47 P.3d 1184 (Colo. 2002), I find that under the totality of circumstances of this case, reserve information is relevant and would provide insight into Defendant's evaluation of its potential liability and expenses in defending and indemnifying Plaintiff in this matter and is necessary in order to allow Plaintiff a fair ability to prosecute its claims;

10. That Plaintiff has demonstrated a substantial need for these documents consistent with Fed. R. Civ. P. 26(b)(1) and (3). Defendant representatives Sharon Eppler and Malcolm McGregor did not provide meaningful responses to inquiries made during their depositions by Plaintiff regarding the potential coverage for certain line item damage figures contained within the documents disclosed in this matter. See deposition of McGregor, 19:7 -23:23, attached as exhibit A and also see deposition of Eppler, 29:23 - 30:3, attached as exhibit B.

# ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Steadfast Insurance Company [Defendant] to Produce Documents Pursuant to Fed. R. Civ. P. 37(A) (docket no. 59) is **GRANTED**;

2. That Defendant shall provide unredacted copies of documents bates labeled: STD 00001-5 and STD 00026 on or before August 2, 2010;

3. That documents bates labeled: STD 00001-5 and STD 00026 that were submitted by Defendant for this court's *in camera* review shall be SEALED and not opened except by further Order of Court; and

4. That each party shall pay their own attorney fees and costs for this motion (docket no. 59). This court finds that under the circumstances of this case, an award of expenses would be unjust.

Done this 16th day of July 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE