IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02224-MSK-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC,

    Plaintiff,

v.

STEADFAST INSURANCE COMPANY; and CHASE CONSTRUCTORS, INC.,

    Defendants.

AND

CHASE CONTRACTORS, INC.,

    Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.,

    Third-Party Defendant.

---

**OPINION AND ORDER GRANTING MOTION
FOR JUDGMENT ON THE PLEADINGS**

---

**THIS MATTER** comes before the Court pursuant to Third-Party Defendant Willbros Engineers, Inc.'s ("Willbros") Motion for Judgment on the Pleadings **(# 26)**, Third-Party Plaintiff Chase Contractors, Inc.'s ("Chase") response **(# 34)**, and Willbros' reply **(# 35)**.

**FACTS**

The operative facts for purposes of this motion are those contained in Chase's Answer and Third-Party Complaint **(# 7)**. As relevant here, that Complaint alleges that Chase entered

into a subcontractor agreement with Plaintiff Sterling Construction Management, LLC ("Sterling). Chase was retained to perform certain drilling on the project pursuant to construction design instructions given by Willbros. On January 26, 2008, Chase was performing drilling underneath a canal when the canal was breached. Chase contends that the canal breach was the result of "negligent, inadequate and/or deficient engineering design services of Willbros," and that as a result of the canal breach, Chase has been injured by payment holdbacks from Sterling and other obligations, which, in turn, constitute damages sustained by Chase as a result of Willbros' conduct. Chase asserts claims for common-law negligence and common-law contribution against Willbros.

Willbros moves **(# 26)** for judgment on the pleadings, arguing that both of Chase's claims are barred by Colorado's economic loss rule.

## ANALYSIS

**A. Standard of review**

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is assessed according to the same standards that govern a motion under Fed. R. Civ. P. 12(b)(6). In other words, the Court accepts as true all well-pled facts in the Amended Complaint and draws all inferences therefrom in the light most favorable to the Plaintiff. *Park University Enterprises v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). Judgment should not be granted unless no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.* Exhibits attached to the pleadings may be considered in evaluating the motion, as well as documents that are referenced in the pleadings and central to the claims, so long as the authenticity of those documents is not disputed. *Id.*; *Jacobsen v. Deseret Book Co.*, 287 F.3d

936, 941 (10th Cir. 2002).

**B. Economic Loss rule**

Colorado's "economic loss rule" provides that relief in tort does not lie where a party's injury derives solely from breach of the express or implied duties arising in a contract. *Haynes Trane Service Agency, Inc. v. American Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009). In determining whether the rule applies, the Court examines the source of the duty giving rise to the claim: breach of a duty that arises under the terms of the contract must be redressed only in contract; breach of a duty that arises from some other source – *i.e.* tort law – may be redressed in tort. *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d. 282, 290 (Colo. App. 2009).

Willbros contends that this matter is controlled by *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66 (Colo. 2004). As here, *Dufficy* involved a chain of subcontractors working on a project. Dufficy, as a subcontractor, was required by the contract the follow construction plans drafted by BRW. Dufficy allegedly did so, but setbacks occurred with Dufficy's portion of the project, causing Dufficy to incur economic losses. Dufficy proceeded to commence suit against BRW, alleging that BRW's design was negligent in requiring Dufficy to perform work in an unsuitable manner. claims for negligence. The trial court dismissed those claims based on the economic loss rule, but the Court of Appeals reversed. The Court of Appeals held that BRW, as a licensed engineered, owed subcontractors a duty of care independent of the contract. The Colorado Supreme Court granted certiorari on the question of "whether the economic loss rule is a defense in a tort suit for claims of negligent breach of a duty . . .by a subcontractor against a design engineer . . . when no contract exists between the parties." 99 P.3d at 67 n. 1.

The Supreme Court answered the question in the affirmative, finding that "the economic

3

loss rule applies when the claimant seeks to remedy only an economic loss that arises from interrelated contracts," such as a nested series of subcontracts. *Id.* at 72. The Court explained that, in large construction projects, multiple parties "rely on a network of contracts to allocate their risks, duties, and remedies." *Id.* The Court reasoned that subcontracting parties generally do not have the ability to bargain directly with engineer, but do have the opportunity to bargain with the party they contract with, and can allocate their liability accordingly. *Id.* The Court also concluded that, in determining whether an independent tort duty exists, sufficient to defeat the economic loss rule, a court must "focus first on the contractual context among and between the parties to see whether there was a contractual relationship that established the duty of care alleged to have been breached." *Id.* at 74. Then a court should compare any contractually-defined duty with that existing in tort to determine whether the tort and contractual duties differ in any meaningful way. *Id.*

Here, Chase acknowledges that Willbros entered into a contract with the project owner to perform its engineering services "in a good and workmanlike manner in accordance with industry standards" and "in accordance with applicable local, state, and federal law."[1] Chase argues, however, that this duty is distinct from the tort duty that Willbros act with "reasonable care," and thus, the tort duty differs sufficiently from the contractual duty that a tort claim can be maintained. Beyond stating that the duties are different, Chase does not elaborate. It does not,

---

[1]The contract between Willbros and the project owner is central to both the first- and third-party claims in this action and attached to Willbros' motion. Chase does not dispute the authenticity of the attached contract, and thus, it is properly before the Court for purposes of this motion. The Court finds that Chase's Complaint effectively admits the operative terms of its own contract with Sterling – that it was required to abide by Willbros' designs – sufficient to overcome Chase's argument that the matter cannot be adjudicated because the Sterling/Chase contract is not part of the record.

4

for example, attempt to explain what the duty to act "in a good and workmanlike manner" might encompass and how that duty differs from the tort duty.[2]

This Court has an obligation to interpret the contract as a matter of law, and in doing so, gives the contract's terms their plain and common usage, unless circumstances suggest that the parties defined the terms differently. *Level 3*, 535 F.3d at 1154. In common usage, the term "workmanlike" means "in a manner or style characteristic of a good workman"; in other words, it describes completed work that is "characteristic of or resembling that of a good workman." *Oxford English Dictionary*, 2d Ed. This is identical to the tort duty that requires a person to perform work in a "reasonable" manner. Obviously, work cannot be "workmanlike" if it does not reflect the exercise of reasonable care by the person performing it; to hold otherwise would suggest that a "good workman" can nevertheless be a negligent workman. At the same time, "reasonableness" is all that can be required of a "good workman"; to the extent the parties intended that Willbros supply superlative work – that which is more than simply "reasonable" under the circumstances – the contract would have to expressly call for something more than "workmanlike" performance.

Such a conclusion is similar to that of the Colorado Supreme Court in *Dufficy*. There, the

---

[2]Chase argues that, to the extent the scope of the duty to act in "a good and workmanlike manner" is ambiguous, the question of whether the economic loss rule applies is bound up in factual questions of contract interpretation that must proceed to trial. *Citing Level 3 Communications, LLC v. Liebert Corp.*, 535 F.3d 1146, 1154-55 (10th Cir. 2008). That is not what *Level 3* stands for. There, the court found that an ambiguity in the contract prevented a pre-trial determination as to whether the contract between the parties for the sale of one item also encompassed the defendant's sale of a substitute item to the plaintiff. The court discussed the economic loss rule in the case, but not in the context of any ambiguity in the contract language. Instead, the court found that the rule did not apply because the tort duty invoked arose outside of the contract's terms. *Id.* at 1162-63.

Court found that contractual duties that BRW perform its work "in accordance with the standards of care, skill and diligence provided by competent professionals who perform work of a similar nature" were identical to tort duties calling for the exercise of reasonable care. 99 P.3d at 74. This Court sees little difference between contractual terms calling for work resembling that "provided by competent professionals" and "workmanlike" performance (*i.e.* the kind of work produced by a "good workman"). By operation of the transitive property, "workmanlike" performance must also be identical to the duty of reasonable care imposed in tort.

Because the Court finds that the duties imposed on Willbros by its contract with the project's owner created a duty that is identical to the duty imposed on Willbros by tort law, it is clear under *Dufficy* that the economic loss rule applies to preclude any claims sounding in tort. Thus, Willbros is entitled to "judgment on the pleadings" – more accurately, dismissal of the tort claims for failure to state a claim – on both of Chase's claims.[3]

---

[3]Chase argues that, if the Court is inclined to dismiss its tort claims, the Court should grant it the opportunity to amend its Third-Party Complaint to instead allege a contract claim against Willbros. To the extent the Court construes that argument as a motion for leave to amend, the Court finds that it is not properly presented. D.C. Colo. L. Civ. R. 7.1(C) expressly provides that "a motion shall not be included in a response or reply to the original motion[;] a motion shall be made in a separate paper." To the extent Chase seeks leave to amend the Third-Party Complaint, it must request such leave in a separately-filed motion. This Court expresses no opinion as to whether such motion would be likely to be granted.

## CONCLUSION

For the foregoing reasons, Willbros' Motion for Judgment on the Pleadings **(# 26)** is **GRANTED**. Chase's claims in the Third-Party Complaint are **DISMISSED** for failure to state a claim.

Dated this 12th day of September, 2010

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge