IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02224-MSK-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC,

Plaintiff,

v.

STEADFAST INSURANCE COMPANY and
CHASE CONTRACTORS, INC.,

Defendants,

AND

CHASE CONTRACTORS, INC.,

Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.,

Third-Party Defendant.

---

# ORDER REGARDING
## PLAINTIFF STERLING CONSTRUCTION MANAGEMENT, LLC.'S MOTION FOR LEAVE TO AMEND THE COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2) (DOCKET NO. 90)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff Sterling Construction Management, LLC.'s ("Plaintiff") Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ.P. 15(a)(2) (docket no. 90). The court has reviewed the subject motion (docket no. 90), the response (docket no. 95), and the reply (docket no. 96). In addition, the

court has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

I find that I have jurisdiction over the subject matter and over the parties to this lawsuit. Venue is proper in the state and District of Colorado. I also find that each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 90).

In this case, the subject motion (docket no. 90) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). This court finds that plaintiff has satisfied this first step in the analysis and has established good cause to extend the deadline within which it may

seek leave to amend the complaint.

The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted). Based upon this standard, and substantially for the reasons stated in the subject motion to amend (docket no. 90), this court finds that the proposed amendments should be permitted. The court notes that no trial date has been set in this matter, and the final pretrial conference is not set until March 3, 2011, at 4:00 p.m. In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to reopen discovery for a reasonable period and to alter any other deadlines. Id. Thus, any prejudice that might arise from these amendments is capable of being cured. Id.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff Sterling Construction Management, LLC.'s Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ.P. 15(a)(2) (docket no. 90) is **GRANTED**;

2. That Plaintiff Sterling Construction Management, LLC.'s First Amended Complaint and Jury Demand (docket no. 90-2) is accepted for filing as of the date of this Order;

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 21st day of September 2010.

BY THE COURT

s/ Michael J Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE