IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 09-cv-02224-RBJ-MJW

STERLING CONSTRUCTION MANAGEMENT, LLC

Plaintiff,

v.

STEADFAST INSURANCE COMPANY and
CHASE CONTRACTORS, INC.

Defendants,

AND

CHASE CONTRACTORS, INC

Third-Party Plaintiff,

v.

WILLBROS ENGINEERS, INC.

Third-Party Defendant.

---

## ORDER

---

This matter comes before the Court on Steadfast Insurance Company's Motion for Reconsideration (#184) and Steadfast's Renewed Motion to Bifurcate Liability Claims from Insurance Claims for Trial (#186). The motions have been fully briefed, and the Court received oral argument from counsel.

**Facts**

Sterling Construction Management, Inc. ("Sterling") was hired by Overland Pass Pipeline Company, LLC ("Overland") to construct 157 miles of pipeline from Laramie, Wyoming to

1

Sterling, Colorado.  Sterling, acting as a general contractor, engaged Chase Contractors ("Chase") to perform horizontal directional drills and bores.  On or about January 26, 2008 Chase drilled under the North Sterling Irrigation Canal and ruptured the canal.  As a result of the rupture, damage was caused to the canal, property, and the pipeline work.  Sterling repaired the breach and indemnified Overland.  Sterling withheld payments due to Chase and filed this action against Chase and against Sterling's liability insurance carrier, Steadfast Insurance Company ("Steadfast"), seeking recovery of the costs to repair the canal and indemnify Overland.  Chase counterclaimed for the payments that Sterling withheld and also brought a third-party complaint against the engineering firm which oversaw the pipeline's construction, Willbros Engineers, Inc.  The third-party complaint was dismissed on motion brought by Willbros.

Steadfast filed a Motion for Summary Judgment on December 29, 2010 (#143).  On September 6, 2011 the Court, by Hon. Marcia Krieger, denied the motion in part (#177).  The case was reassigned from Judge Krieger to Judge Jackson on September 26, 2011.  Steadfast now requests that Judge Jackson reconsider two parts of Judge Krieger's order and find that (1) Steadfast had no duty to provide coverage to Sterling for counterclaims filed by Chase against Sterling, and (2) Steadfast had no duty to provide coverage to Sterling for the portion of the funds Overland withheld from Sterling that represents attorney's fees and costs incurred by Overland in response to claims submitted to Overland by third parties.

**Motion for Reconsideration [#184].**

Standard of Review

The Federal Rules of Civil Procedure do not formally recognize motions to reconsider.  However, a party may file a motion seeking relief from a judgment pursuant to Fed. R. Civ. P. 60(b).  *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).  District courts have discretion

to grant relief under Rule 60(b), although "such relief is extraordinary and may only be granted in exceptional circumstances." *Hillard v. District Court of Comanche County*, 100 Fed. Appx. 816, 818-19 (10th Cir. 2004). A Rule 60(b) motion is not a substitute for a direct appeal, and the petitioner may not simply "[revisit], albeit in somewhat different forms, the same issues already addressed and dismissed by the court." *Van Skiver*, 952 F.2d at 1243. "Advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate." *Id.* at 1243 (internal citations omitted). A motion for reconsideration is only appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Steadfast maintains that reconsideration is appropriate in this instance under Rule 60(b), in order to correct the Court's errors in applying Colorado law. Steadfast argues that the Court incorrectly applied Colorado law in two ways (1) by incorrectly failing to hold that Steadfast had no duty to indemnify Sterling for its counterclaim; and (2) by incorrectly applying the burden of proof in finding that Steadfast did not provide sufficient documentation to supports its claim that attorney's fees and costs were not covered under the policy.

<u>Steadfast's Duty to Defend or Indemnify Sterling against Chase's Counterclaim</u>

This concerns Chase's counterclaim in which it alleges that Sterling broke its contract by withholding payment for services as to which Sterling has no complaint. Steadfast argues that because its policy provides coverage only for "property damage" caused by an "occurrence," meaning an accident, it neither has a duty to defend Sterling against this claim (as Judge Krieger's order agreed) nor to indemnify Sterling in respect to any damages that might be awarded against Sterling on that claim (which Judge Krieger's order did not address).

I agree with Steadfast. Moreover, it became apparent during oral argument that Sterling does not disagree. Accordingly, the motion for reconsideration is granted on this issue. The Court holds that Steadfast has no obligation to defend or indemnify Sterling in respect to Chase's breach of contract counterclaim.

I hasten to add, however, that this does not affect whatever obligation Steadfast might have to reimburse Sterling for the funds, estimated at $340,000, that Sterling spent making repairs as a result of Chase's alleged negligence. Steadfast is not entitled to the benefit of Sterling's "self-help" in setting off monies it owes to Chase under the contract against Chase's obligation to Sterling for its alleged negligence.

Attorney's Fees and Costs

This concerns the approximately $687,000 that Overland owed to Sterling but withheld as an offset to account for losses incurred by Overland due to the canal rupture. Steadfast apparently does not dispute that it is liable for a substantial part of that amount. However, it argues that to the extent that the amount includes attorney's fees and costs incurred by Overland in responding to third-party claims, coverage is excluded.

The insurance contract that Sterling purchased from Steadfast contains a "contractual liability exclusion." It excludes coverage for property damage (or bodily injury) for which the insured is obligated to pay damages by the reason of the assumption of liability in a contract or agreement." However, the exclusion contains an exception, i.e.,

This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement, or
(2) Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract" reasonable attorney's fees and necessary litigation expenses

4

> incurred by a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
> a. Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
> b. Such attorney's fees and litigation expenses are *for defense of that party against a civil or alternate dispute resolution proceeding* in which damages to which this insurance applies are alleged.

Ex. B to Motion for Reconsideration at STD 00134 (emphasis added).

There appears to be no dispute that Sterling's contract with Overland was an "insured contract," and therefore, that the exception to the exclusion is triggered. Steadfast argues, however, that Sterling has not shown that the attorney's fees and costs incurred by Overland were for "defense against a "civil or alternate dispute resolution proceeding."

Judge Krieger found that Steadfast had failed to support its contention that the fees and costs were not incurred for the defense of a civil or alternate dispute resolution proceeding and concluded that summary judgment was therefore inappropriate under Fed. R. Civ. P. 56(c)(1). Order at 21. Steadfast argues that Judge Krieger misunderstood the placement of the burden. Steadfast submits that because Sterling relies on an exception to an exclusion, it was Sterling's burden to establish that the fees and costs were incurred in the defense of a civil or alternate dispute resolution proceeding. It argues that Judge Krieger mistakenly placed the burden to show the contrary on Steadfast. In any event, Steadfast argues, it is "undisputed" that there was no civil or alternate dispute resolution proceeding.

In response Sterling does not address the burden of proof (or the burden of going forward). However, it denies that it is undisputed that the fees and costs were not incurred in an alternate dispute resolution proceeding. It cites evidence submitted in response to Steadfast's motion for summary judgment to the effect that the fees and costs were incurred to resolve

(settle) third party claims.  Sterling suggests that this constituted "an alternate disputed resolution process."  Response at 7.

The parties have not fully addressed the placement of the burden of proof or going forward.  I accept for present purposes the proposition that the insured has the burden of going forward with respect to an exception to an exclusion.  *Leprino Foods Co. v. Factory Mut. Ins. Co.,* 453 F. 3d 1281, 1287 (10th Cir. 2006).  However, neither party addresses whether the insured or the insurer has the burden of establishing what amounts to an exception to the exception.

More importantly in my view, neither party has briefed the meaning of the term "alternate dispute resolution proceeding" as that term is used in this insurance policy.  It apparently is not defined in the policy.  It is not capitalized or placed in quotes.  On its face, at least, it could be said to mean what it seems to say, i.e., that it is a proceeding that is an alternative to civil litigation.  Might this include informal settlement negotiations designed at least in part to avoid litigation and its attendant expense?  Is it necessarily limited to a formal proceeding conducted by a professional such as the proceedings described in Colorado's Dispute Resolution Act, C.R.S. 13-22-301 et seq.?  The parties simply have not addressed this fundamental legal question.

Depending on the meaning of the term, which ultimately is a matter of law for the Court to decide, there may or may not be a genuine issue of material fact regarding some or all of the sums incurred by Overland for attorney's fees and costs (the composition of which is unknown to the Court at this point).  Because neither the burden of proof (or going forward) nor the interpretation of the term "alternate dispute resolution proceeding" has been thoughtfully

addressed and briefed, the Court declines to reconsider Judge Krieger's order. It preserved the issue for further examination, which in the circumstances is how it should be.

**Motion to Bifurcate [#186]**

Steadfast wishes to bifurcate trial of Sterling's contract and negligence claims against Chase (Fifth and Sixth Claims for Relief) from the trial of Sterling's insurance claims against Steadfast (First through Fourth Claims for Relief). Steadfast first moved for bifurcation on October 5, 2010. Chase opposed bifurcation "to the extent that it would require duplication of the presentation of any evidence involving Chase." Sterling opposed bifurcation, claiming that it would be unfairly prejudiced by having to call witnesses twice and by incurring extra expense. The Court denied that motion without prejudice, indicating that it would consider the issue at the pretrial conference stage. The issue is now before the Court on Steadfast's renewed motion to bifurcate.

A district court may order separate trials for one or more separate issues, claims, or crossclaims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have "broad discretion in deciding whether to sever issues for trial." *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985).

I do not disagree with Steadfast that the remaining claims can be separated into two relatively distinct sets of issues, i.e., (1) Sterling's claim that Chase negligently (and in breach of contract) caused the canal breach vs. Chase's claim that it should be paid for the work that it performed well; and (2) Sterling's insurance coverage claims against Steadfast. Steadfast argues that separating those issues into two distinct trials will promote judicial economy and avoid jury confusion. I am not convinced.

Bifurcation would presumably achieve a degree of economy for Steadfast, in that it would not have to participate in a Sterling v. Chase trial. By the same token, bifurcation would cause Sterling, at a minimum, to incur extra expense by having to participate in two trials and to call witnesses twice.

Steadfast expresses concern about juror confusion. It cannot be denied that there would be a degree of simplification by having Sterling's claims against Chase resolved before we plunge into the insurance issues. However, I am not convinced that there is substantial risk of juror confusion here. Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case. Clear instruction by the Court and clear presentations by counsel should enable jurors to understand the two sets of issues. The more fundamental issue is whether any party would be unfairly prejudiced by a single trial. "While economy and convenience may properly be considered in the decision to bifurcate, neither is the ultimate objective. A paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants. Considerations of economy of time, money and convenience of witnesses must yield thereto." *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980) (internal citations omitted). "[B]ifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo v. Armstrong World Industries Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

The parties claiming "prejudice" are the two parties opposing bifurcation. Sterling in particular expresses concerns about delay and extra expense. Steadfast's only suggestion of possible prejudice, apart from a relatively small expansion of the trial to include evidence that might not be necessary in a trial solely dedicated to the insurance issues, is its statement that "the adjudication of the claims will require the introduction of evidence of insurance, which is

generally precluded under F.R.E.411." Motion ¶18. The argument makes no sense to me. As Steadfast indicates, preclusion of evidence that a party is covered by insurance is based on the concern that such evidence might induce jurors to decide cases on improper grounds. Thus, for example, if Chase were covered by liability insurance, it is at least arguable that a juror might be more likely to enter a verdict against Chase on Sterling's negligence claim if the juror believed that the verdict would be covered by insurance. However, Steadfast does not insure Chase. The only claim against Steadfast's insured, Sterling, is the breach of contract claim that is not covered by insurance. I do not see how the fact that evidence that Sterling is insured would be heard by the jury that decides the Sterling v. Chase issues is likely to cause prejudice to Steadfast.

Accordingly, the Court finds no good cause to bifurcate the trial. The motion is denied.

DATED this 19th day of December, 2011.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge